IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ANGELA REYNOLDS, as Administrator of
the Estate of Craig J. McKinnis,
CIARA MCKINNIS, CAPRICE MCKINNIS,
CRAIG MCKINNIS, JR. and B.M., a
minor child, by and through her
next friend and mother, DARCY POTTER,**

Plaintiffs,

v.                                                  Case No. 15-9130-JWL

**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/
KANSAS CITY, KANSAS; KANSAS CITY, KANSAS
POLICE DEPARTMENT; AND KANSAS CITY, KANSAS
POLICE OFFICERS JEREMY SHEPARD, ANDREW
WILCOX, ABIGAIL FITHIAN, LUCAS GRAVES,
KENNETH HICKERSON, WALTER JONES, KATHLEEN
HILL, SCOTT LADISH AND STEVEN SHELDON,
in both their individual and official
capacities,**

Defendants.


## AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action was originally filed by Plaintiffs on May 22, 2015 in the District Court of Wyandotte County, Kansas, Case No. 15CV519. As a condition precedent to filing the instant matter, a Notice Of Claim Pursuant To The Kansas Tort Claims Act was filed on January 21, 2015. On June 18, 2015, Defendants filed their Notice Of Removal. On July 7, 2015, Defendants filed their Answer in this Court.

2. This action is being filed pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985 to address injuries suffered by Craig J. McKinnis for deprivation under color of law of rights secured by the Fourth and

Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. 1331. This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper in the United States District Court for the District of Kansas, pursuant to 28 U.S.C. 1391.

4. Additionally, Plaintiffs bring state statutory and tort claims against the Defendants for wrongful death, negligence, negligent hiring, training and supervision, and assault and battery.

**PARTIES**

5. Plaintiff Angela Reynolds is a resident of Wyandotte County, Kansas the Administrator of the Estate of Craig J. McKinnis, Case No. 15P16, in the Wyandotte County District Court.

6. Plaintiff Ciara McKinnis is the adult child of Craig J. McKinnis, deceased, and resides in Oakland, California.

7. Plaintiff Caprice McKinnis is the adult child of Craig J. McKinnis, deceased, and resides in Oakland, California.

8. Plaintiff Craig McKinnis, Jr. is the adult child of Craig J. McKinnis, deceased, and resides in El Dorado, Kansas.

9. Plaintiff B.M. is the minor child of Craig J. McKinnis, deceased, and resides in Merriam Woods, Missouri.

10. Defendant Unified Government of Wyandotte County and Kansas City, Kansas (hereinafter "Unified Government"), was created by and established under the law of the State of Kansas. It is authorized to sue or be sued in its own name.

2

11. Defendant Kansas City, Kansas Police Department is an agency of the Unified Government.

12. Defendant Jeremy Shepard is, and was, at all times relevant to this Complaint, a police officer in the Kansas City, Kansas Police Department (hereinafter "KCKPD"). He is sued in his individual and official capacities.

13. Defendant Andrew Wilcox is, and was, at all times relevant to this Complaint, a police officer in the KCKPD. He is sued in his individual and official capacities.

14. Defendant Abigail Fithian is, and was, at all times relevant to this Complaint, a police officer in the KCKPD. She is sued in her individual and official capacities.

15. Defendant Lucas Graves is, and was, at all times relevant to this Complaint, a police officer in the KCKPD. He is sued in his individual and official capacities.

16. Defendant Kenneth Hickerson is, and was, at all times relevant to this Complaint, a police officer in the KCKPD. He is sued in his individual and official capacities.

17. Defendant Walter Jones is, and was, at all times relevant to this Complaint, a police officer in the KCKPD. He is sued in his individual and official capacities.

18. Defendant Kathleen Hill is, and was, at all times relevant to this Complaint, a Sergeant in the KCKPD. She is sued in her individual and official capacities.

19. Defendant Scott Ladish is, and was, at all times relevant to this Complaint, a Sergeant in the KCKPD. He is sued in his

3

individual and official capacities.

20. Defendant Steven Sheldon was, at all times relevant to this Complaint, a police officer in the KCKPD. He is sued in his individual and official capacities.

**FACTS**

21. On May 22, 2014, at approximately 6:00 p.m., Craig J. McKinnis, deceased, was a passenger in an automobile which was stopped by Defendant Kansas City, Kansas Police Officers Shepard and Wilcox in the 500 block of Stewart Avenue in the city of Kansas City, Wyandotte County, Kansas.

22. After the traffic stop, Kansas City, Kansas Police Officers placed Craig McKinnis under arrest, and in so doing, negligently and recklessly and with the use of excessive force battered and wrestled decedent Craig McKinnis to the ground and placed pressure about his body causing him to be unable to breath, resulting in his death.

23. After the traffic stop, Defendant KCK Police Officer Fithian arrived on the scene and was involved in decedent Craig McKinnis' arrest. Defendant Fithian muscled decedent's right arm behind him and assisted Defendants Shepard and Wilcox in handcuffing the decedent behind his back.

24. After the traffic stop, Defendant KCK Police Officer Hickerson arrived on the scene and assisted Defendants Shepard, Wilcox and Fithian, applying pressure to decedent's back while decedent was in a prone position on the ground.

4

25. After the traffic stop, Defendant KCK Police Officer Jones arrived on the scene and assisted Defendants Shepard, Wilcox, Fithian and Hickerson in handcuffing the decedent behind his back and standing on decedent's leg shackles so decedent was forced to remain in the prone position on the street. Defendant Jones heard the decedent yelling that he couldn't breath but did nothing to prevent decedent's death.

26. After the traffic stop, Defendant KCK Police Officer Graves arrived on the scene. Defendant Graves was involved in holding decedent's legs down and standing on the chain of the leg shackles to force the decedent to remain in the prone position, handcuffed behind his back, on the street.

27. After the traffic stop, Defendant KCK Police Sergeant Hill arrived on the scene. Defendant Sgt. Hill observed Defendants Shepard, Wilcox, Fithian, Hickerson and Graves with the decedent on the ground in a prone position, handcuffed and legs shackled, but did nothing to prevent decedent's death.

28. After the traffic stop, Defendant KCK Police Sergeant Ladish arrived on the scene. Defendant Sgt. Ladish observed Defendants Shepard, Wilcox, Fithian, Hickerson and Graves holding the decedent down by his shoulders in the prone position on the street. Defendant Sgt. Ladish heard the decedent yelling repeatedly that he couldn't breath while being held down by the Defendant officers, but did nothing to prevent decedent's death. Additionally, Defendant Ladish directed Defendant Graves to stand on decedent's leg shackles so decedent was forced to remain in the prone

position.

29. After the traffic stop, Defendant KCK Police Officer Sheldon arrived on the scene. Defendant Sheldon laughed at what he observed when he arrived at the scene and exited his police vehicle. Defendant Sheldon observed 4 of the Defendant officers holding the decedent down, handcuffed behind his back and in the prone position on the street. Defendant Sheldon observed 2 officers on decedent's upper body and 2 officers on decedent's lower body. Defendant Sheldon heard the decedent yelling that he couldn't breath but did nothing to prevent the decedent's death.

30. At no time did any of the Defendant officers act to stop the asphyxiation of the decedent.

31. Any minimally competent, reasonable, trained police officer understands that holding a person face-down and applying pressure to his arms, legs, or torso can result in positional (or restraint) asphyxia, in which the person's ability to move his or her chest, abdomen, and diaphragm are restricted and thus, the person cannot get enough oxygen to breath and sustain his or her organs.

32. Further, minimally competent, reasonable and trained police officers know the risk of asphyxia is particularly acute for persons of the decedent's size, as the decedent weighed two hundred forty-four (244) pounds and had a protruding abdomen.

33. Because of the well-known dangers and high risk involved with face-down restraint, minimally accepted police practices prohibit this practice.

34. That decedent Craig McKinnis' cause of death was caused  by compression of the chest and the prone positioning of the decedent during physical restraint by police causing him to be unable to breath.

35. The battery took place on May 22, 2014, when Defendant Kansas City, Kansas police officers negligently, recklessly and with the use of excessive force battered and choked Craig McKinnis by striking him about the face, wrestling him to the ground and placing pressure about his body causing him to be unable to breath and causing asphyxiation resulting in mortal injuries.

36. Despite repeated statements of the decedent Craig McKinnis of "I can't breath", the Defendant police officers failed to release the pressure being placed about his body which prevented proper breathing and thereafter the Defendant police officers failed to obtain and/or provide appropriate, timely and immediate medical attention and/or assistance for the decedent Craig McKinnis, all of which caused and or resulted in the death of Craig McKinnis.

37. The aforesaid is a direct result of the negligence, recklessness, carelessness and use of excessive force of the Kansas City, Kansas Police Department, their agents, servants, and/or employees.

38. The aforesaid was a violation of civil rights in accordance with 42 U.S.C. 1983 in that decedent was deprived of his rights, privileges and immunities secured by the Constitution and laws of the United States of America by one who under color of a statute or regulation of a State caused decedent Craig McKinnis to be so

7

deprived and other and further violations of decedent Craig McKinnis' rights and privileges secured to him under the Constitutions of the United States of America and the State of Kansas by the agents, servants and employees of the Unified Government of Wyandotte County and Kansas City, Kansas and Kansas City, Kansas Police Department.

39. Said Defendant police officers failed to use such care in the performance of police duties as reasonably prudent and careful police officers would have used under similar circumstances.

40. Said Defendant police officers failed to use proper police procedures and tactics as reasonably prudent and careful police officers would have used under similar circumstances. Rather, the police officers negligently, recklessly and with the use of excessive force battered the decedent, and intentionally applied pressure about the decedent's body causing him to be unable to breath and causing asphyxiation resulting in mortal injuries despite repeated statements of the decedent Craig McKinnis of "I can't breath."

41. The Defendants Unified Government of Wyandotte County and Kansas City, Kansas and Kansas City, Kansas Police Department were negligent in the training and instruction of its police officers by not exercising care in instructing them as to their deportment, behavior and conduct as police officers, especially regarding methods of arrest, use of physical force and abuse of power while in the field; and as representatives of the Unified Government of Wyandotte County and Kansas City, Kansas and Kansas City, Kansas

Police Department; in their training and instruction, more specifically with regard to their training as to the proper use of force, their training in apprehension and arrest, and their training as to the proper response and tactics in responding to a situation herein confronted with. Further, it is claimed that Defendants Unified Government of Wyandotte County and Kansas City, Kansas and Kansas City, Kansas Police Department have continued to improperly supervise officers in the field, including the police officers herein, which allowed decedent Craig McKinnis to be killed on May 22, 2014.

42. As a result of the aforesaid, the decedent Craig McKinnis sustained medical expenses and severe physical injuries and pain and suffering leading to death; injuries include, but are not limited to, multiple bruises of the internal structures of the neck, compression of the chest and direct airway obstruction; large amount of swelling, periorbital edema; multiple abrasions to bilateral knees; further injuries include: wrongful death; pain and suffering; conscious pain and suffering; pre-death pain and suffering; pre-impact terror preceding his death; emotional and psychological distress and the horror decedent Craig McKinnis suffered leading up to and during the battery and choking as described aforesaid; loss of support; other pecuniary loss; loss of civil rights; interference with the familial relationship; loss of services, society, affection and companionship of his minor child, B.M.

COUNT I

**42 U.S.C. 1983 CLAIM AGAINST DEFENDANTS: WRONGFUL DEATH**

43. The above paragraphs are incorporated by reference.

44. Defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

45. The foregoing wrongful acts of defendants killed the decedent.

46. As a further proximate result of the acts of Defendants, as alleged above, Plaintiffs have incurred expenses, including medical, funeral and cremation expenses, in an amount in accordance with proof.

47. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

10

**COUNT II**

**42 U.S.C. 1983 - SURVIVAL ACTION**

48. The above paragraphs are incorporated by reference.

49. Plaintiff Angela Reynolds, as Administrator of the Estate of Craig J. McKinnis, brings this claim for relief.

50. The foregoing claim for relief arose in the decedent's favor, and the decedent would have been the Plaintiff with respect to this claim for relief had he lived.

51. Defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

52. The foregoing wrongful acts of defendants killed the decedent.

53. As a proximate result of the foregoing wrongful acts of the defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

54. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the decedent. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual

11

defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## COUNT III

## 42 U.S.C. 1983 - DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT

55. The above paragraphs are incorporated by reference.

56. Defendants, acting under color of state law, deprived Plaintiffs of their rights to familial relationships in violation of the Fourth Amendment and without due process of law in violation of the Fourteenth Amendments by use of unreasonable, unjustified force and violence, causing injuries which resulted in the decedent's death, all without provocation, and all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

57. As a proximate result of the foregoing wrongful acts of defendants, and each of them, plaintiffs sustained general damages, including grief, emotional distress and pain and suffering and loss of comfort and society, and special damages, including loss of support, in an amount in accordance with proof.

58. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from

such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

### COUNT IV

### 42 U.S.C.1983 - MONELL CLAIM

59. The above paragraphs are incorporated by reference.

60. As against Defendants, the Plaintiffs allege that the acts and/or omissions alleged in the Amended Complaint herein are indicative and representative of a repeated course of conduct by members of the City of Kansas City, Kansas Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as the decedent.

61. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants, and/or each of them, to the repeated violations of the constitutional rights of citizens by Kansas City, Kansas police officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy.

13

62. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants, and/or each of them, to the repeated violations of the constitutional rights of citizens by Kansas City, Kansas police officers, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

63. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

64. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers using reality based training techniques, workshops and/or simulations.

65. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately

14

train officers in making detentions, arrests and/or using force.

66. The aforementioned deliberate indifference, customs, policies or practices of the Defendants, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and Plaintiffs, including, but not limited to, the following:

a. the right not to be deprived of life, liberty or property with Due Process of Law

b. the right to be free from unreasonable searches and/or seizures

c. the right to equal protection of the law

d. the right to familial relationships

e. the right to enjoy civil and statutory rights

67. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

68. As a result of the violation of their constitutional rights by Defendants, and/or each of them, Plaintiffs sustained the injuries and/or damages as alleged heretofore in this Amended Complaint.


**COUNT V**

**PERSONAL INJURY ACTION - NEGLIGENCE - K.S.A. 60-19a01**

69. The above paragraphs are incorporated by reference.

70. By virtue of the foregoing, defendants owed decedent and plaintiffs a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent caused him to sustain personal injuries and suffer pain, suffering and accompanying mental anguish.

71. Defendants proximately caused the personal injuries of the decedent as a result of their negligent conduct and/or negligent failure to act as set forth herein.

72. As a result of the defendants' negligence, plaintiffs have sustained (a) pain, suffering and accompanying mental anguish, and (b) reasonable medical expenses.

73. That Defendant Unified Government of Wyandotte County/Kansas City, Kansas is liable for damages caused by the negligent or wrongful acts or omissions of the Defendant police officers as set forth herein while they were acting within the scope of their employment, pursuant to K.S.A. 75-6103 of Kansas Tort Claims Act.

**COUNT VI**

**WRONGFUL DEATH CLAIM - NEGLIGENCE - K.S.A. 60-1901**

74. The above paragraphs are incorporated by reference.

75. By virtue of the foregoing, defendants owed decedent and plaintiffs a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent proximately caused his death.

76. Defendants proximately caused the death of the decedent as a result of their negligent conduct and/or negligent failure to act as set forth herein.

77. As a result of the Defendants' negligence, Plaintiffs have sustained (a) mental anguish, suffering, or bereavement, and (b) loss of society, comfort or companionship; loss of services, attention, parental care, advice and protection; loss of earnings

16

the decedent would have provided; and funeral expenses.

78. That Defendant Unified Government of Wyandotte County/Kansas City, Kansas is liable for damages caused by the negligent or wrongful acts or omissions of the Defendant police officers as set forth herein while they were acting within the scope of their employment, pursuant to K.S.A. 75-6103 of Kansas Tort Claims Act.

## COUNT VII

### ASSAULT AND BATTERY

79. The above paragraphs are incorporated by reference.

80. Defendants assaulted and battered the decedent, causing his death.

81. As a direct and proximate cause of the aforementioned acts of defendants, decedent, plaintiffs were injured as set forth above, and are entitled to compensatory and punitive damages according to proof.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

**On All Counts**

(a) Compensatory general and special damages in accordance with proof;

(b) Costs of suit necessarily incurred herein;

(c) Such further relief as the Court deems just or proper.

**On Counts I, II,III and IV**

(d) Reasonable attorney's fees and expenses of litigation.

**On Counts I, II, III,IV and VII**

(e) Exemplary damages against the defendants (except the immune entity defendants) in an amount sufficient to make an example of those defendants and to deter future misconduct.

/s/ R. Bruce Kips

_____

R. Bruce Kips
Kansas Bar No. 11584
BMO Harris Bank Building
6333 Long, Suite 380
Shawnee, Kansas 66216
(913) 962-9800

/s/ Robert W. Manske

_____

Robert W. Manske
Kansas Bar No. 07056
336 East Park
Olathe, Kansas 66061
(913) 782-5212

ATTORNEYS FOR PLAINTIFFS

18

## **DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, by and through their attorney, R. Bruce Kips, and hereby demand a trial by jury in this matter.

/s/ R. Bruce Kips

_____

R. Bruce Kips

## **CERTIFICATE OF SERVICE**

This is to certify that on August 13, 2015, a true and correct copy of the above and foregoing Amended Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which will send notice of the electronic filing to all interested parties.

/s/ R. Bruce Kips

_____

R. Bruce Kips

19