In the United States District Court
For the District of Kansas

| | |
|---|---|
| Angela Reynolds, as Administrator of <br> The Estate of Craig J. McKinnis, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Unified Government of Wyandotte <br> County/Kansas City, Kansas, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-9130-JWL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## Answer to Amended Complaint

Defendants Unified Government of Wyandotte County/Kansas City, Kansas, Kansas City, Kansas Police Department, Jeremy Shepard, Andrew Wilcox, Abigail Fithian, Lucas Graves, Kenneth Hickerson, Kathleen Hill, Scott Ladish, and Steven Sheldon answer Plaintiffs' Amended Complaint as follows:

1. Answering paragraph 1, Defendants admit that Plaintiffs filed this action on May 22, 2015 in the District Court of Wyandotte County, Kansas, Case No. 15CV519; that Plaintiffs filed a notice of claim on January 21, 2015; that on June 18, 2015, Defendants Unified Government and Kansas City, Kansas Police Department filed their Notice of Removal; and that on July 7, 2015, Defendants Unified Government and Kansas City, Kansas Police Department filed their answer to Plaintiffs' initial complaint. Defendants deny all other averments in paragraph 1.

2. Answering paragraph 2, Defendants acknowledge that this action was filed under 42 U.S.C. §§ 1983 and 1985. Defendants admit that this Court has jurisdiction over

Plaintiffs' federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. Defendants deny all other averments in paragraph 2.

      3.      Answering paragraph 3, Defendants admit the averments in that paragraph.

      4.      Answering paragraph 4, Defendants acknowledge that Plaintiffs have brought state statutory and tort claims against them for wrongful death, negligence, negligent hiring, training, and supervision, and assault and battery. Defendants all other averments in paragraph 4.

      5.      Answering paragraphs 5, 6, 7, 8, and 9, Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the averments in those paragraphs and, therefore, deny them.

      6.      Answering paragraph 10, Defendants admit that the Unified Government was established under Kansas law and may sue and be sued in its own name. Defendants deny all other averments in paragraph 10.

      7.      Answering paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20, Defendants admit the averments in those paragraphs.

      8.      Answering paragraph 21, Defendants admit the averments in that paragraph.

      9.      Answering paragraph 22, Defendants admit that officers attempted to place Craig McKinnis under arrest, but that McKinnis ran from the officers, strenuously resisted arrest, dragged and carried the officers, who were attempting to tackle him, to the car, started the car and tried to flee, placing the officers' lives in danger, kicked officers who arrived to assist, and, after being handcuffed and placed on the ground, continued to struggle and to kick. Defendants deny all other averments in paragraph 22.

10. Answering paragraph 23, Defendants admit that, after the traffic stop, Officer Fithian arrived on the scene and assisted with efforts to handcuff and restrain McKinnis. Defendants deny all other averments in paragraph 23.

11. Answering paragraph 24, Defendants admit that, after the traffic stop, Officer Hickerson arrived on the scene and assisted with efforts to restrain McKinnis. Defendants deny all other averments in paragraph 24.

12. Answering paragraph 25, Defendants admit that, after the traffic stop, Officer Jones arrived on the scene and assisted with efforts to handcuff and restrain McKinnis. Defendants deny all other averments in paragraph 25.

13. Answering paragraph 26, Defendants admit that, after the traffic stop, Officer Graves arrived on the scene and assisted with efforts to restrain McKinnis and to keep him from kicking, including holding his legs and standing on the leg shackles. Defendants deny all other averments in paragraph 26.

14. Answering paragraph 27, Defendants admit that, after the traffic stop, Sergeant Hill arrived on the scene and observed officers trying to restrain McKinnis, who was on the ground and was struggling and kicking. Defendants deny all other averments in paragraph 27.

15. Answering paragraph 28, Defendants admit that, after the traffic stop, Sergeant Ladish arrived on the scene, that he observed officers attempting to restrain McKinnis, who was on the ground struggling and kicking, and that he told Officer Graves to stand on the leg shackles to keep McKinnis from kicking. Defendants deny all other averments in paragraph 28.

16. Answering paragraph 29, Defendants admit that, after the traffic stop, Officer Sheldon arrived on the scene, that he observed officers trying to restrain McKinnis, who was on the ground struggling and kicking, and that he heard McKinnis say he couldn't breathe. Defendants deny all other averments in paragraph 29.

17. Answering paragraphs 30, 31, 32, 33, 34, and 35, Defendants deny all averments in those paragraphs.

18. Answering paragraph 36, Defendants admit that, during the course of his arrest, McKinnis stated several times that he could not breathe while at the same time continuing to yell, struggle, and kick. Defendants deny all other averments in paragraph 36.

19. Answering paragraphs 37, 38, 39, 40, 41, and 42, Defendants deny all averments in those paragraphs.

20. Answering paragraph 43 of Count I ("42 U.S.C. 1983 CLAIM AGAINST DEFENDANTS: WRONGFUL DEATH"), Defendants incorporate by reference all previous paragraphs of this answer.

21. Answering paragraphs 44, 45, 46, and 47 of Count I, Defendants deny all averments in those paragraphs.

22. Answering paragraph 48 of Count II ("42 U.S.C. 1983 – SURVIVIAL ACTION"), Defendants incorporate by reference all previous paragraphs of this answer.

23. Answering paragraph 49 of Count II, Defendants acknowledge that this claim is brought by Plaintiff Angela Reynolds as Administrator of the Estate of Craig J. McKinnis. Defendants aver that they are without knowledge or information sufficient to form a belief as to the truth of the averment that Angela Reynolds is the administrator of the Estate of Craig J. McKinnis and, therefore, deny it.

24. Answering paragraphs 50, 51, 52, 53, and 54 of Count II, Defendants deny all averment in those paragraphs.

25. Answering paragraph 55 of Count III ("42 U.S.C. 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT"), Defendants incorporate by reference all previous paragraphs of this answer.

26. Answering paragraphs 56, 57, and 58 of Count III, Defendants deny all averments in those paragraphs.

27. Answering paragraph 59 of Count IV ("42 U.S.C. 1983 – MONELL CLAIM"), Defendants incorporate by reference all previous paragraphs of this answer.

28. Answering paragraphs 60, 61, 62, 63, 64, 65, 66, 67, and 68 of Count IV, Defendants deny all averments in those paragraphs.

29. Answering paragraph 69 of Count V ("PERSONAL INJURY ACTION – NEGLIGENCE – K.S.A. 60-19a01"), Defendants incorporate by reference all previous paragraphs of this answer.

30. Answering paragraphs 70, 71, and 72 of Count V, Defendants deny all averments in those paragraphs.

31. Answering paragraph 73 of Count V, Defendants admit that the individual defendants were acting within the scope of their employment. Defendants deny all other averments in paragraph 73.

32. Answering paragraph 74 of Count VI ("WRONGFUL DEATH CLAIM – NEGLIGENCE – K.S.A. 60-1901"), Defendants incorporate by reference all previous paragraphs of this answer.

33. Answering paragraphs 75, 76, and 77 of Count VI, Defendants deny all averments in those paragraphs.

34. Answering paragraph 78 of Count VI, Defendants admit that the individual defendants were acting within the scope of their employment. Defendants deny all other averments in paragraph 78.

35. Answering paragraph 79 of Count VII ("ASSAULT AND BATTERY"), Defendants incorporate by reference all previous paragraphs of this answer.

36. Answering paragraphs 80 and 81 of Count VII, Defendants deny all averments in those paragraphs.

37. Further answering the Amended Complaint, Defendants deny that Plaintiffs are entitled to the relief requested.

38. Further answering the Amended Complaint, Defendants deny all averments not specifically admitted.

39. Further answering the Amended Complaint, Defendants aver that Plaintiffs lack standing to bring the claims asserted.

40. Further answering the Amended Complaint, Defendant Kansas City, Kansas Police Department avers that it is an agency of the Unified Government and lacks the capacity to be sued and, therefore, is not a proper party to this action.

41. Further answering that Amended Complaint, the individual defendants aver that Plaintiffs' claims against them in their official capacities are redundant of their claims against the Unified Government and should be dismissed.

42. Further answering the Amended Complaint, Defendants aver that the Amended Complaint fails to state a claim upon which relief can be granted.

6

43. Further answering the Amended Complaint, Defendants aver that the force used was objectively reasonable in light of the facts and circumstances confronting the officers and was not excessive.

44. Further answering the Amended Complaint, Defendants aver that they acted at all times in good faith and reasonably believed that their actions were lawful.

45. Further answering the Amended Complaint, the individual defendants aver that they are entitled to qualified immunity on Plaintiffs' claims against them in their individual capacities.

46. Further answering the Amended Complaint, Defendants aver that they reasonably believed the force used on McKinnis to be necessary to effect his arrest and to defend themselves from bodily harm while making the arrest and, therefore, the use of such force was justified. K.S.A. 21-5227(a).

47. Further answering the Amended Complaint, Defendants aver that Plaintiffs' claims are barred or limited by the provisions of the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*, including K.S.A. 75-6104(c), (d), (e), (i), and (n) and the limitations on damages in K.S.A. 75-6105.

48. Further answering the Amended Complaint, Defendants aver that their alleged negligence must be compared with the causal negligence of McKinnis, and Plaintiffs' recovery, if any, barred or diminished, as provided by K.S.A. 60-258a.

49. Further answering the Amended Complaint, Defendants aver that Plaintiffs' claims for assault and battery are barred by the statute of limitations. K.S.A. 60-514(b).

50. Further answering the Amended Complaint, Defendants aver that Plaintiffs' damages are limited by K.S.A. 60-19a02.

51.     Further answering the Amended Complaint, Defendants aver that Plaintiffs' damages for wrongful death are limited by K.S.A. 60-1903 and K.S.A. 60-1904.

52.     Further answering the Amended Complaint, Defendants aver that the Kansas Wrongful Death Act, K.S.A. 60-1901 *et seq.*, does not authorize the award of punitive damages.

53.     Further answering the Amended Complaint, the individual defendants aver that they acted reasonably and in good faith, not with actual malice, and that Plaintiffs are not entitled to punitive damages.

54.     Further answering the Amended Complaint, the individual defendants aver that the award of punitive damages against them would violate their federal and state constitutional rights, including their rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Kansas Constitution.

For the above reasons, Defendants pray that the Court enter judgment in their favor and award them costs of defense.

## Demand for Jury Trial

Defendants demand a trial by jury on Plaintiffs' claims.

s/Henry E. Couchman Jr.
Henry E. Couchman Jr. #12842
Jennifer L. Myers  #21199
Unified Government of Wyandotte
    County/Kansas City, ansas
Legal Department
Municipal Office Building
701 N. 7th Street, Ste. 961
Kansas City, Kansas 66101
(913) 573-5060
(913) 573-5243 (facsimile)
Email: hcouchman@wycokck.org
        jmyers@wycokck.org
*Attorneys for Defendants Unified Government of Wyandotte County/Kansas City, Kansas, Kansas City, Kansas Police Department, Jeremy Shepard, Andrew Wilcox, Abigail Fithian, Lucas Graves, Kenneth Hickerson, Kathleen Hill, Scott Ladish, and Steven Sheldon*

## Certificate of Service

I hereby certify that on September 24, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: R. Bruce Kips and Robert W. Manske, attorneys for Plaintiffs.

s/ Henry E. Couchman Jr.
Henry E. Couchman Jr.

9