## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Angela Reynolds, as Administrator of
the Estate of Craig J. McKinnis et al.,**

**Plaintiffs,**

**v.**                                                          **Case No. 15-9130-JWL**

**Unified Government of Wyandotte County/
Kansas City, Kansas et al.,**

**Defendants.**

### MEMORANDUM & ORDER

During his May 2014 arrest by Kansas City, Kansas police officers, Craig J. McKinnis became non-responsive and was transported by ambulance to the hospital, where he was pronounced dead. Plaintiff Angela Reynolds, the administrator of Mr. McKinnis's estate, and Mr. McKinnis's children filed a state court petition under 42 U.S.C. § 1983 against the Unified Government and the Kansas City, Kansas police department as well as "unidentified" Kansas City, Kansas police officers. The Unified Government and the Kansas City, Kansas police department removed this action to federal court whereupon plaintiffs filed an unopposed motion for leave to file an amended complaint. That motion was granted and the amended complaint was filed on August 13, 2015. The amended complaint names nine individual Kansas City, Kansas police officers. This matter is now before the court on defendants' motions for partial judgment on the pleadings (docs. 31, 33). As will be explained, the motions are granted.

As an initial matter, the court notes that plaintiffs have conceded the dismissal of all claims challenged in defendants' motions except one. Plaintiffs, then, agree to the dismissal of

their § 1983 wrongful death claim; their § 1983 claims for deprivation of right to familial relationship; the Monell claim asserted by Mr. McKinnis's children; the negligence action asserted by Mr. McKinnis's children; the assault and battery claim asserted by Mr. McKinnis's children; any claims asserted under § 1985; all claims against the Kansas City, Kansas police department; and all claims against the individual defendants in their official capacities.  These claims, then, are dismissed with prejudice.

The only remaining claim challenged by defendants in their motions is the administrator's claim against the individual defendants for assault and battery.  Defendants contend that this claim is time-barred because the individual defendants were identified for the first time in the amended complaint, which was filed more than one year after the alleged assault and battery occurred.  In response, the administrator contends that her amended complaint naming the "John Doe" officers relates back under Federal Rule of Civil Procedure 15(c) to the date of the initial complaint.  As highlighted by defendants, however, a Tenth Circuit opinion directly on point forecloses the administrator's argument and the claim must be dismissed on statute of limitations grounds.

Rule 15(c) provides that an amended pleading will relate back to the date of the original pleading when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits,

2

and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). The Tenth Circuit Court of Appeals has held that a plaintiff's amended complaint substituting named defendants for unknown defendants referred to in the original complaint as John Doe defendants amounts to adding a new party, which requires that the plaintiff meet all requirements set forth in Rule 15(c)(3). *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

In *Garrett*, the Circuit upheld the district court's ruling that the requirements of Rule 15(c)(3) were not satisfied because, "as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning of the proper party' within the meaning of Rule 15(c)(3)(B)." *Id.* Joining seven of the eight circuits that had addressed the issue, the Tenth Circuit held in *Garrett* that "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address," and therefore replacing unidentified officials with specifically named officials does not relate back to the original complaint. *Id.* at 696-97 (listing cases). Garrett, then, requires the dismissal of the administrator's assault and battery claims against the individual defendants.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motions for partial judgment on the pleadings (doc. 31, 33) are granted. The Kansas City, Kansas police department is dismissed from this action in its entirety.

3

**IT IS SO ORDERED.**


Dated this  6th day of January, 2016, at Kansas City, Kansas.


<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge